UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | REPORT AND RECOMMENDATION |
| | ) | |
| V. | ) | |
| | ) | CASE NO. 2:04-cr-10 |
| Alfred Leon Longie, Sr. | ) | |

On October 6, 2006, there was a petition filed which charges Alfred Leon Longie, Sr., violated conditions of supervised release. That petition was referred to this Court for hearing, and for preparation of this Report and Recommendation. At a November 15, 2006 hearing, Mr. Longie admitted to the allegations of the petition. Appropriate disposition is contested.

**FACTS**

Most of the charges in the petition relate, directly or indirectly, to use of alcohol. At the hearing, Mr. Longie admitted to each of the allegations of the petition, with some explanations of circumstances surrounding the violations.

Mr. Longie completed a thirteen month sentence for possession of firearms and ammunition after a felony conviction, and began serving a two-year term of supervised release on June 24, 2005. While on supervised release, he has resided in a

rural home on the Spirit Lake reservation with his three young children. Mr. Longie is not employed and receives Social Security disability benefits.

Mr. Longie was arrested as a result of the petition, and released after his initial appearance. He appeared as required on November 15, 2006, and was again released pending a decision on the petition.

Failure to Provide Appropriate Care to Children

Mr. Longie, age 61, is responsible for the care of his three young children, ages 5, 6, and 7. He stated at the hearing that he has been their primary care-giver since their birth. He described his ex-spouse as having a serious alcohol problem, but said that she does occasionally care for the children. The youngest of the children has cerebral palsy, uses a wheelchair, and has significant developmental delays. Over the past several months, the supervising probation officer developed serious concerns about Mr. Longie not properly caring for his children. The petition alleges, and Mr. Longie admitted, four separate dates on which he did not appropriately care for the children. These are violations of the condition of supervision requiring that Mr. Longie meet family responsibilities.

On June 29, 2006, probation officers conducted an

unscheduled visit to Mr. Longie's home, which is outside of Fort Totten. The probation officers found Mr. Longie's three young children home alone on a hot summer day. The probation officer describes the home as dirty and unkept, though Mr. Longie denied that. The two older children told the probation officers that their father had not been there since the previous day, and that they had had nothing to eat since the previous day. The youngest child had a soiled diaper and was in her wheelchair, which the probation officer described as soiled and smelly.

The probation officers contacted law enforcement and tribal social services. Mr. Longie arrived home 45 to 60 minutes after the probation officers arrived, after he had been told by someone else that authorities were at his home. At the hearing, Mr. Longie, through counsel, stated that he had gone into Fort Totten to do some errands, and had planned to leave the children alone for only fifteen minutes. He had told social services at the time that his nephew had been watching the children. Mr. Longie tested negative for use of alcohol when he arrived back home.

Tribal social services did a limited investigation, and left the children in Mr. Longie's care and custody. The supervising probation officer filed a Report of Noncompliance about the

incident, with an action plan that included Mr. Longie being required to work closely with tribal social services to assure proper care of all three children.

The other three incidents involving inappropriate care of the children all involved Mr. Longie's use of alcohol. One incident involved Mr. Longie and the children being passengers in a vehicle driven by another adult who was under the influence of alcohol. Another incident involved Mr. Longie driving a vehicle while under the influence of alcohol, with one of the children in the vehicle. The other incident involved Mr. Longie caring for the children in his home, though under the influence of alcohol, when a tribal warrant was served. At the hearing, Mr. Longie admitted that he had been drinking, but denied that he was intoxicated and unable to care for the children at the time that warrant was served.

Tribal Charges

Another group of allegations in the petition concerns use of alcohol, which resulted in various tribal charges. Mr. Longie was arrested and pled guilty in tribal court to various alcohol-related charges involving incidents on June 2, 2006, July 17, 2006, and October 2, 2006. The dates of three of the four incidents involving failure to care for his children

coincide with the dates of the three alcohol-related tribal charges. He failed to appear in tribal court following one of the charges, resulting in contempt of court charges. Mr. Longie admitted to each of the violations relating to the tribal charges.

State Charge

The final allegation of the petition, which Mr. Longie also admitted, is failure to make arrangements to satisfy a Ramsey County warrant for non-sufficient funds checks.

**PARTIES' POSITIONS ON DISPOSITION**

The government requests that Mr. Longie's supervised release be revoked, and that he be ordered to serve six months in custody, with no additional term of supervised release following completion of the term of custody. Alternatively, if release is not revoked, the supervising probation officer asks that Mr. Longie be required to complete a placement of up to 90 days at North Central Correctional and Rehabilitation Center in Rugby, and that he complete a psychological evaluation and parenting classes.

Mr. Longie, through counsel, asks that supervised release be continued, to allow him to continue with alcohol and drug counseling. If supervised release is revoked, Mr. Longie

asserts that he should be sentenced to a term of only three to four months in custody.

**GUIDELINES POLICY STATEMENTS**

The violations to which Mr. Longie admitted are all of Grade C, and he was in Criminal History Category I at the time sentence was imposed. The guideline policy statements provide for a term of imprisonment of three to nine months if release is revoked under those circumstances.

**DISCUSSION**

Mr. Longie stated at the hearing that he recognizes his need to address his alcohol problems. He has been participating in programming at Spirit Lake Recovery and Wellness, and his counsel advised this Court that his attendance and effort have been consistent. Defense counsel also advised the Court that Mr. Longie has been seeking the assistance of his priest in dealing with his alcohol problems, and that the priest confirmed that he has made sincere attempts to deal with the problems.

Mr. Longie has repeatedly put his children's safety in serious jeopardy. He has repeatedly allowed his children to ride in vehicles being driven by someone who is under the influence of alcohol. It is only through serendipity that the supervising probation officer learned that Mr. Longie had left

his children to care for themselves on a hot summer day.

Although most of the violations center around the use of alcohol, he was sober when he left his children unattended for a substantial length of time. That shows very poor judgment and leads to questions about his basic parenting skills. Mr. Longie obviously loves his three young children dearly, but is seriously challenged in caring for them, especially in light of his youngest daughter's special needs.

Mr. Longie's repeated violations would certainly justify revocation of his release. However, if the government's recommendation were followed, he would face the same problems six months later with little hope that he would better cope with his situation. The probation officer's alternative recommendation appears to give Mr. Longie a better opportunity for long-term success.

**RECOMMENDATION**

This Court recommends that Mr. Longie's supervised release be continued, with additional conditions: placement at North Central Correctional and Rehabilitation Center for up to 90 days, completion of a psychological evaluation, and completion of parenting classes as directed by the supervising probation officer.

**OPPORTUNITY FOR OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommended disposition within ten days after being served with a copy of this Report and Recommendation. If the parties do not object to the proposed findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 20th day of November, 2006.

Alice R. Senechal
U.S. Magistrate Judge